# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CYPRESS INSURANCE COMPANY**                                                             **PLAINTIFF**

v.                                 Case No. 3:19-cv-00114-KGB

**BRADLEY VEAL,** *et al.*,                                                             **DEFENDANTS**

## ORDER

Before the Court is a motion to extend time for service of complaint or in the alternative motion to dismiss and amend complaint and a motion for default judgment filed by plaintiff Cypress Insurance Company ("Cypress") (Dkt. Nos. 3, 5). Specifically, Cypress seeks an extension of time for service of the complaint on separate defendants Phillip Hollis and Bradley Veal, and Cypress seeks a default judgment against separate defendants James K. Cole and Cole's Transport (*Id.*). For the following reasons, the Court grants Cypress's motion to extend time for service of complaint, denies without prejudice Cypress's motion for default judgment as to Mr. Cole, and refers to the clerk Cypress's motion for default as to Cole's Transport (*Id.*)

     **I.**      **Motion To Extend Time For Service Of Complaint**

Cypress filed its complaint for declaratory judgment in this action on April 16, 2019 (Dkt. No. 1). Under Federal Rule of Civil Procedure 4(m), a summons and complaint shall be served on a defendant within 90 days after filing the complaint. *See* Fed. R. Civ. P. 4(m). Thus, the deadline to serve these defendants ran on July 15, 2019 (Dkt. No. 4, at 2). Cypress successfully served Mr. Cole and Cole's Transport on April 25, 2019 (Dkt. Nos. 3-1, 3-2). However, Cypress has not yet served Mr. Hollis or Mr. Veal (Dkt. No. 4, at 2). Cypress maintains that it miscalculated the deadline for service as August 15, 2019 (*Id.*). While still under the impression that August 15, 2019, was the appropriate deadline, Cypress made numerous attempts to identify and locate Mr.

Hollis and Mr. Veal (*Id.*, at 2-3). These attempts included hiring process servers and private investigators to attempt to serve Mr. Hollis and Mr. Veal as well as reaching out to Mr. Veal's counsel to see if Mr. Veal would agree for his attorney to accept service on Mr. Veal's behalf (*Id.*, at 3).

Under Rule 4(m), "if the district court concludes there is good cause for plaintiff's failure to serve within [90] days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996). To warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); *Colasante v. Wells Fargo Corp.,* 81 Fed. Appx. 611, 613 (8th Cir. 2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir. 2002)).

"A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams,* 74 F.3d at 887 (citations omitted). "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Kurka*, 628 F.3d at 957 (internal quotation and citation omitted). Whether or not the good cause standard has been satisfied is a discretionary determination and largely dependent upon the facts of each individual case. *Id.*

The Eighth Circuit Court of Appeals has described excusable neglect as "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka*, 628 F.3d at 959 (internal quotations and citation omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Id.*

For good cause shown, and in the alternative, upon a finding of excusable neglect, the Court grants Cypress's motion for extension of time to obtain service (Dkt. No. 3). Specifically, the Court grants Cypress an extension of 60 days from the entry of this Order to obtain service on separate defendants Mr. Hollis and Mr. Veal. The Court denies as moot Cypress's request to dismiss voluntarily its claims against Mr. Hollis and Mr. Veal and to file an amended complaint renaming these defendants.

## II. Motion For Default Judgment

Also pending before the Court is Cypress's motion for default judgment against separate defendants Mr. Cole and Cole's Transport (Dkt. No. 5). Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party

has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

To consider a motion for default under Rule 55(a), the clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not a minor, incompetent, or in military service as required by 50 U.S.C. § 3931.

Cypress appears to have properly served Mr. Cole and Cole's Transport on April 25, 2019, *via* certified mail, and these defendants have failed to respond to Cypress's complaint (Dkt. Nos. 3-1; 3-2; 5, ¶¶ 2-4). As a result, Cypress maintains that it is entitled to default judgment over and against separate defendants Mr. Cole and Cole's Transport, pursuant to Federal Rule of Civil Procedure 55 (Dkt. No. 5, ¶ 5). To that end, Cypress has included affidavits setting forth proof of service, including the date thereof (Dkt. Nos. 3-1, 3-2). Since Mr. Cole and Cole's Transport were both served on April 25, 2019, Cypress represents that these defendants' answers were due on or before May 16, 2019 (Dkt. No. 5, ¶¶ 2-3). Cypress states that Mr. Cole and Cole's Transport have not filed answers, entered any appearance in this Court, or attempted, in any manner, to defend themselves against the allegations contained in Cypress's complaint (*Id.*).

However, Cypress has not provided a statement that Mr. Cole is not a minor, incompetent, or in military service as required by 50 U.S.C. § 3931. Further, pursuant to Rule 55(a), Cypress must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend before this Court will consider its motion. Thus, the Court is unable to grant Cypress's motion for default against Mr. Cole at this time and denies

without prejudice that motion.  The Court refers Cypress's motion for default judgment as to Cole's Transport to the clerk to determine whether default should be entered against Cole's Transport pursuant to Rule 55(a).

**III.     Conclusion**

For the reasons outlined above, the Court grants Cypress's motion to extend time for service of complaint, denies without prejudice Cypress's motion for default judgment as to Mr. Cole, and refers to the clerk pursuant to Rule 55(a) Cypress's motion for default as to Cole's Transport  (Dkt. Nos. 3, 5).

So ordered this the 4th day of February 2020.

_____
Kristine G. Baker
United States District Judge