**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CYPRESS INSURANCE COMPANY**                                                                 **PLAINTIFF**

v.                                        Case No. 3:19-cv-00114-KGB

**BRADLEY VEAL**, *et al.*,                                                                      **DEFENDANTS**

### ORDER

On February 4, 2020, the Court entered an order that ruled on two motions filed by plaintiff Cypress Insurance Company ("Cypress") (Dkt. Nos. 3, 5, 6). In that order, the Court, in part, denied without prejudice the motion for default judgment against separate defendant James K. Cole and referred to the clerk for consideration under Federal Rule of Civil Procedure 55(a) the request for default as to separate defendant Cole's Transport (Dkt. No. 6).

Though separate defendant Cole's Transport appears to be a business entity which the Court treated as a separate defendant in its prior Order, the Court notes that Cole's Transport is listed in the complaint as a d/b/a for separate defendant Mr. Cole in this matter. If that is in fact the case and if Cole's Transport essentially is Mr. Cole individually, not a separate business entity, the Court should have denied without prejudice Cypress's Federal Rule of Civil Procedure 55(a) request for a clerk's default.

The record on this point is not clear. *See, e.g.*, Dkt. No. 3, ¶ 2 ("On April 25, 2019, Plaintiff perfected service upon Defendants James Cole and Cole Transport, two of the four named Defendants."); Dkt. No. 5, ¶¶ 2-3 ("Cypress Insurance Company obtained service of process upon Separate Defendant James K. Cole on April 25, 2019, via certified mail . . . . Cypress Insurance Company obtained service of process upon Separate Defendant Cole's Transport on April 25, 2019, via certified mail."). For now, the Court will rely on representations made by Cypress in

the complaint (Dkt. No. 1, ¶ 3). Cypress may provide to the Court clarification on the status of Cole's Transport as a separate business entity through a motion for reconsideration, if necessary.

To consider a motion for default under Rule 55(a), the clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not in military service, as required by 50 App. U.S.C. § 521. The Court denied Cypress's motion for a Rule 55(a) clerk's default as to Mr. Cole for failure to provide this statement. Because the complaint reflects that Cole's Transport essentially is Mr. Cole, not a separate business entity, the Court denies without prejudice Cypress's motion for a Rule 55(a) clerk's default on this same basis.

It is so ordered, this the 4th day of February, 2020.

_____
Kristine G. Baker
United States District Judge